UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| METROMILE INSURANCE COMPANY, | |
|---|---|
| Plaintiff, | 19-CV-17676 |
| v. | |
| ABRAHAM FELIZ-POLANCO aka ABRAHAM FELIZ, | OPINION |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

This case arises from a car accident involving a Lamborghini Huracan rented and driven by Defendant Abraham Feliz-Polanco. This matter comes before the Court on Plaintiff MetroMile Insurance Company's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b). ECF No. 11. For the reasons that follow, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

**I.     BACKGROUND**

On January 12, 2019, Defendant Abraham Feliz-Polanco rented a Lamborghini from CLS 123 LLC d/b/a Cloud 9 Exotics ("Cloud 9"), a New York Rental company, on Long Island, New York. The Lamborghini was insured by Prime Insurance Company ("Prime") and Defendant was insured by MetroMile Insurance Company ("MetroMile"). On January 13, while driving the Lamborghini, Defendant collided with a tree, damaging the car.

After the accident, MetroMile received a demand from Prime to pay for the damage to the Lamborghini on behalf of Mr. Feliz-Polanco. On September 6, 2019, upon receiving Prime's demand, MetroMile filed this action, seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq*. MetroMile asks the Court to determine (1) whether it is obligated to defend and/or indemnify Defendant and (2) that its obligation is limited to $10,000. Compl. ¶¶ 1, 33, ECF No. 1.

Mr. Feliz-Polanco has not filed an answer to MetroMile's complaint. After the deadline to respond expired, MetroMile moved for, and was granted, a clerk's entry of default. *See* ECF No. 10; March 19, 2020 Docket Entry. After entry of default, on April 4, 2020, MetroMile filed the present motion for default judgment. ECF No. 11.

**II.    DISCUSSION**

Pursuant to Rule 55(a), a plaintiff can request a clerk's entry of default against a party from "whom a judgment for affirmative relief is sought [that] has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a). Thereafter, the plaintiff may seek the Court's entry of default judgment under Rule 55(b). But before entering a default judgment, courts may review certain matters *sua sponte*. *See Mark IV Transportation & Logistics v. Lightning Logistics, Inc.*, 705 F. App'x 103, 108 (3d Cir. 2017) (holding that a court considering whether to enter a default judgment may dismiss a case *sua sponte* for lack of personal jurisdiction). Here, the Court

considers *sua sponte* whether final judgment should be entered against Mr. Feliz-Polanco without hearing from potentially interested non-parties (i.e., Prime and Cloud 9). *See Nat'l Cas. Co. v. Gateway Acoustics Corp.*, 12-cv-5920, 2014 WL 1330851, at *2 (E.D.N.Y. Mar. 31, 2014) (ordering, *sua sponte*, that Plaintiff notify non-party insurance company of suit).

Under Federal Rule of Civil Procedure 19, "a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). A court considering such joinder should take into account all of the relevant facts, and its analysis should emphasize pragmatic considerations rather than rigid formalism. *Nat'l Cas. Co.*, 2014 WL 1330851, at 2. The Court's analysis will be informed by (1) to what extent a judgment rendered in a person's absence might be prejudicial to that person or parties to the action, (2) the extent to which any prejudice could be lessened or avoided by protective provisions in judgment or specific shaping of relief, (3) whether a judgment in the person's absence would be adequate, and (4) whether the plaintiff would have an adequate remedy if the court dismissed the suit for nonjoinder. *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 319 (3d Cir. 2007).

Here, the Court finds that Prime and Cloud 9 have a significant interest in the outcome of this proceeding. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). A judgment for MetroMile would, as a practical matter, impede Prime and Cloud 9's ability to recover because this Court's ruling will determine MetroMile's response to Prime's demand for payment. Therefore, Prime would be prejudiced if a default judgment is entered against Defendant Feliz-Polanco without its knowledge. Similarly, Cloud 9 has a significant interest in ensuring the correct insurance company pays for the damage to its property. If Prime is left "holding the bag" inappropriately, Cloud 9's premiums will rise even though MetroMile should have been liable. Thus, the first factor cuts toward joinder.

Without an adversarial proceeding, it is difficult for the Court to determine which insurer (if any) should cover the damages caused by Mr. Feliz-Polanco. Thus, the Court cannot determine whether prejudice could be avoided via specific shaping of relief (factor 2), whether judgment would be adequate in Prime and Cloud 9's absence (factor 3), and whether plaintiff has an adequate remedy if the court dismissed this suit (factor 4). *See Gen. Refractories Co.*, 500 F.3d at 319. Accordingly, pragmatic considerations require the Court to refrain from entering judgment for MetroMile without ensuring Prime and Cloud 9 are aware of this suit and have an opportunity to respond. *See Nat'l Cas. Co.*, 2014 WL 1330851, at *2.

### III.    CONCLUSION

For the reasons set forth above, Defendant's motion, ECF No. 11, is **DENIED WITHOUT PREJUDICE**. After Prime and Cloud 9 are informed of the suit and have an opportunity to respond, MetroMile may refile its motion. An appropriate order follows.

Date: /s/ 2020

WILLIAM J. MARTINI, U.S.D.J.